JUSTICE TRIEWEILER
specially concurring.
I concur in the result of the majority opinion. However, I do not agree with all that is said therein.
Specifically, I would not encourage defendant to believe that her claim of ineffective assistance of counsel has any merit which should be pursued by petition for post-conviction relief. Even if we assume that the witnesses whom she claims her attorney failed to call would have testified in the manner she now says they would have testified, their testimony would not have helped her case. Therefore, defendant cannot satisfy the second prong of the test for ineffective assistance of counsel which was set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674.
Defendant was convicted based on the testimony of an undercover agent that she sold him illegal drugs. Where she might have been at some other time of day, or what she might have done in some other location, was simply not relevant and would have done nothing to rebut the direct evidence of her involvement in the drug transaction.
*257 If defendant’s presence at the mall at an earlier time was significant, would it also have been significant that she stopped to get gas earlier that morning? If she had testified to that effect and her attorney had failed to call the gas station attendant to corroborate her presence at the gas station, could that conceivably have satisfied the Strickland test for ineffective assistance of counsel? Clearly not. Neither can the circumstances in this case.
For these reasons, I concur with the majority’s decision to affirm the District Court. However, I do not concur with its suggestion that further time, expense, or effort should be wasted to determine whether or not witnesses could actually have corroborated defendant’s testimony that she was at the Atrium Mall earlier in the day.
JUSTICE HUNT concurs in the foregoing concurrence.